# STATE OF FLORIDA v. CRUZ
## Case No. TO83-96766
County Court, Orange County

April 4, 1984

**APPEARANCES OF COUNSEL**

**Hernan Castro,** Assistant State Attorney, for plaintiff.
**Chandler Muller** for defendant.

**OPINION OF THE COURT**

JAMES C. HAUSER, County Judge.

THIS CAUSE came before this Court on the Defendant's Motion to Suppress and the Court having heard argument of both counsel and being otherwise fully advised in the premises.

*FACTS*

On December 15, 1983, Patricia S. Cruz was arrested for the offense

of Driving Under the Influence of Alcohol. She was transported to a mobile breathalyzer unit where a breathalyzer test was administered on machine #92822 by R. A. Scanlan, who is certified by HRS to administer breathalyzer tests. As required by HRS Rule 10D-42.24(1)(d) this breathalyzer unit was inspected on November 23, 1983, and December 22, 1983, and found to be in perfect running order.

HRS Rule 10D-42.24(1)(a) prohibits anyone other than an authorized breathalyzer technician accessibility to the breathalyzer machine.[1] On December 7, 1983, Trooper Douglas used the same machine to administer a breathalyzer test to another individual. Clearly under the HRS rules, Trooper Douglas could not be considered an authorized technician and therefore he should not have had access to the machine.

## STATEMENT OF LAW

In *State v. Wills,* 359 So.2d 566 (Fla. 2d DCA 1978) the 2d DCA was faced with a problem similar to the above set of facts. The 2d DCA ruled that the breath results must be suppressed because at that time the Florida Statute required that the HRS procedures complied with prior to the admission of the breath test. The Court stated at p. 568

> A contrary result was reached in *People v. Adams,* 59 Cal.App. 3d 559, 131 Cal.Rptr. 190 (1976), but that opinion draws a distinction between the California statute and statutes like Florida's which expressly condition the validity of test results on compliance with health department regulations. In view of the plain working of the statute, we hold that chemical analyses of blood or breath performed in violation of the HRS rules are inadmissible.

In 1982, the Florida legislature, in response to the public outcry of carnage on the highways caused by drivers under the influence, substantially loosened the requirements necessary to admit the results of breathalyzer tests. Fla.Stat. 316.1934 (3) states:

> A chemical analysis of a person's blood to determine alcoholic content or a chemical analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed substantially in accordance with methods approved by the Department of Health and Rehabilitative Services and by the individual possessing a valid permit issued by the department for this purpose. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render

---

[1] The HRS Rules do permit the machine to be used for teaching purposes so long as it is given a preventive maintenance check at the conclusion of the class.

the test or test results invalid. The Department of Health and Rehabilitative Services may approve satisfactory techniques or methods, ascertain the qualifications and competence of individuals to conduct such analyses and issue permits which shall be subject to termination or revocation in accordance with rules adopted by the department.

Defense counsel argues that this amendment applies only to the actual test itself, not to the maintenance of the breathalyzer unit. This Court does not read the statute so narrowly. The Court rules that since it is shown that the breathalyzer unit was functioning properly both before and after the unauthorized person used the unit, that despite such violations, the breathalyzer test was run in substantial compliance with HRS rules. The 2d DCA has also recently ruled that if an individual who did not have an HRS certificate administered the test to the Defendant, such results would have to be suppressed. *State v. Potter,* 438 So.2d 1985 (Fla. 2d DCA 1983). However, in the case at bar, Trooper Douglas did not administer the test to the Defendant.

Finally the Defendant claims that his due process rights were violated because the State failed to preserve a breath sample. The Court rules that preservation of the breath sample is not necessary for the reasons stated in *State v. Brunk,* 3 Fla.Supp. 75 (County Court 1982).

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress be and the same is hereby denied.